```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF HAWAII

ELMER STEPHEN WEREB, ET AL.,    )    CIVIL NO. 09-00198 JMS-LEK
                                )
            Plaintiffs,         )
                                )
     vs.                        )
                                )
COUNTY OF MAUI, ET AL.,         )
                                )
            Defendants.         )
_____ )
```

**ORDER AWARDING ATTORNEYS' FEES AND COSTS**

On September 29, 2009, Plaintiffs Elmer Stephen Wereb and Betty Jean Wereb (collectively "Plaintiffs") filed their Motion to Compel Responses to Certain Written Discovery Requests ("Motion"). This Court issued its order granting the Motion in part and denying it in part ("Order") on November 10, 2009. In the Order, this Court awarded Plaintiffs the reasonable attorneys' fees they incurred bringing the Motion. The Motion and the reply in support of the Motion indicated that Plaintiffs incurred $5,980.00 in attorneys' fees. Defendant the County of Maui ("Defendant") filed its Objections to Attorney's Fees ("Objections") on November 20, 2009. After reviewing the parties' submissions, and based on this Court's familiarity with the case, the Court AWARDS Plaintiffs $2,860.00 in attorneys' fees.

**DISCUSSION**

I.  **Reconsideration of the Order**

At the outset, the Court notes that Defendant objects to the imposition of any award of attorneys' fees. Defendant also argues that is entitled to an offsetting award of its own reasonable attorney's fees because it prevailed on more issues in the Motion than Plaintiffs did. This Court has already awarded Plaintiffs their reasonable attorneys' fees incurred in connection with the Motion. [Order at 19.] If Defendant disagreed with the Court's decision to award attorneys' fees, Defendant could have filed a motion for reconsideration of the Order or appealed the Order to the district judge. Defendant chose not to do so.

Even if this Court construes the Objections as a motion for reconsideration, this Court would be constrained to deny the motion. Courts recognize three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai'i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)) (some citations omitted); see also Local Rule LR60.1. Defendant has not established any of these grounds. Further, to the extent that Defendant asks this Court to

2

reconsider the Order and award Defendant its attorneys' fees to offset the award of Plaintiffs' attorneys' fees, this Court cannot consider the request because Defendant did not raise this issue in connection with the Motion.  In a motion for reconsideration, this Court cannot consider arguments that could have been raised in connection with the original motion.  See Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Hawai'i 2005) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)) (some citations omitted).

Thus, to the extent that Defendant's Objections constitute a motion for reconsideration of the Order, the motion is DENIED.

**II.  Calculation of Attorneys' Fee Award**

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at

1119 (citation omitted).

> The factors the Ninth Circuit articulated in <u>Kerr</u> are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

<u>Kerr</u>, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. See <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending <u>City of Burlington v. Dague</u>, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. See <u>Davis v. City & County of San Francisco</u>, 976 F.2d 1536, 1549 (9th Cir. 1992), <u>vacated in part on other grounds</u>, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. See <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 483 U.S. 711, 728 (1987); <u>see also</u> <u>Fischer</u>, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Plaintiffs request the following lodestar amount for work they contend is compensable under the terms of the Order:

4

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Edwin Budge | 18.4 | $325 | $5,980.00 |

Mr. Budge is counsel pro hac vice. He has been licensed to practice law in the State of Washington since 1994.

### A. **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

Plaintiffs request an hourly rate of $325 for Mr. Budge. Defendant contends that this is unreasonable and argues that the Court should award him a substantially lower rate.

Although attorneys are required to submit evidence that the rates charged are reasonable, see Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987), this Court is familiar with the prevailing rates in the community and the attorneys' fee awarded in other cases in this district. Under the lodestar method, this Court must generally award counsel pro hac vice

attorneys' fees according to the prevailing market rates in Hawai'i.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002); see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  Plaintiffs concede as much. [Decl. of Edwin S. Budge in Supp. of Motion ("Budge Motion Decl.") at ¶ 9 ("I believe a reasonable rate for my time in a case of this nature in the District of Hawaii is $325 per hour.  This rate is somewhat less than the hourly rate that I would currently request for comparable work in the Seattle area.").]

Mr. Budge has been practicing law for fifteen years.  This Court typically awards attorneys with comparable experience to Mr. Budge's $260 per hour.  See Bandalan v. Castle & Cooke Resorts, LLC, et al., CV NO. 07-00591 DAE-LEK, Report of Special Master on the Amount of Rule 11 Sanctions Against Plaintiff's Counsel, filed 6/30/09 (dkt. no. 36), at 7-10 (attorney who graduated from law school in 1994 and was admitted to the bar in 1996 requested $275 per hour, but received $260);[1] and Horizon Lines, LLC v. Kamuela Dairy, Inc., CV 08-00039 JMS-LEK, Amendment to Findings and Recommendations for Entry of Default Judgment, Filed June 16, 2008, filed 9/3/08 (dkt. no. 21) (attorney

---

[1] The district judge in Bandalan adopted this Court's Report of Special Master on July 24, 2009.

6

admitted in 1995 requested $280 and $290 per hour, but was awarded $260).[2]  The instant Motion was a straightforward discovery motion that was neither factually nor legally complex.  There is no reason for this Court to depart from the rates that it typically awards.  This Court therefore finds $260 to be a reasonable hourly rate for Mr. Budge.

   B.   **Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the requested fees are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461

---

[2] The district judge in Horizon Lines adopted the amended findings and recommendations on September 29, 2008.

7

U.S. at 433-34).

Mr. Budge spent "9.8 hours researching and preparing Plaintiffs' Motion to Compel and supporting documents[,]" [Budge Motion Decl. at ¶ 8,] and "8.6 hours reviewing Maui County's opposition memorandum, conducting additional legal research in connection therewith, and preparing Plaintiff's Reply". [Suppl. Decl. of Edwin S. Budge in Supp. of Motion at ¶ 2.] Defendant argues that Mr. Budge's time is excessive and inadequately described.

Plaintiffs have provided minimal information about counsel's work in connection with the Motion, but there is enough for the Court to evaluate the reasonableness of their request. The Court, however, instructs Plaintiffs that any future requests for attorneys' fees in this case must comply with the requirements of Local Rule 54.3. The Court notes that the typical practice is for attorneys to submit copies of their client billing records, with redactions of any privileged material. The Court also cautions Plaintiffs that they should not submit records in block billing format. "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations and quotation marks omitted). If

8

Plaintiffs submit future requests for attorneys' fees in block billing format, this Court may impose a percentage reduction to all entries to account for the fact that block billing prevents the Court from reviewing the reasonableness of the amount of time spent on each task.

Turning to Plaintiffs' current request, Mr. Budge essentially spent 9.8 hours on the Motion and 8.6 hours reviewing the opposition and working on the reply. The Court finds this time to be excessive because the Motion was neither factually nor legally complex. This Court finds that 7.0 hours is a reasonable amount of time for the Motion, and 4.0 hours is a reasonable amount of time to review the opposition and work on the reply.

### C. Total Lodestar Award

Based on the foregoing, this Court finds that Plaintiffs have established the appropriateness of an award of attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Edwin Budge | 11.0 | $260 | $2,860.00 |

The Court declines to adjust the award based on the remaining Kerr factors.

### CONCLUSION

On the basis of the foregoing, this Court AWARDS Plaintiffs $2,860.00 in attorneys' fees. The Court ORDERS Defendant to pay this amount to Plaintiffs' counsel by no later

9

than **March 11, 2010**.

      IT IS SO ORDERED.

      DATED AT HONOLULU, HAWAII, February 3, 2010.



        /S/ Leslie E. Kobayashi
       Leslie E. Kobayashi
       United States Magistrate Judge

**ELMER STEPHEN WEREB, ET AL. V. COUNTY OF MAUI, ET AL; CIVIL NO. 09-00198 JMS-LEK; ORDER AWARDING ATTORNEYS' FEES AND COSTS**