IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELMER STEPHEN WEREB AND BETTY JEAN WEREB,<br><br>            Plaintiffs,<br><br>    vs.<br><br>COUNTY OF MAUI, a political subdivision of the State of Hawaii, and WILLIAM HANKINS, RANDALL BURGESS, DENNIS LEE, DONNA GOMES, GREGORY AMANO, EMITERIO ALVAREZ, KAMUELA MAWAE, JENNIFER KIA, EDWIN AMONG, and FLORENDO TABIOS, employees, officers and/or agents of MAUI COUNTY.<br><br>            Defendants. | CIVIL NO. 09-00198 JMS-RLP<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTION FOR COSTS |

FINDINGS AND RECOMMENDATION TO DENY MOTION FOR COSTS

Before the Court is Defendant County of Maui's Motion for Costs ("Motion") filed on December 20, 2010. Defendant County of Maui requested an award of $681.30 in costs. Plaintiffs Elmer Stephen Wereb and Betty Jean Wereb (collectively "Plaintiffs") filed a Response to Defendant County of Maui's Motion for Costs ("Response") on January 10, 2011. Defendant County of Maui filed a Reply on January 24, 2011.

This Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of

Hawaii ("Local Rules").  After a review of the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be DENIED.

BACKGROUND

The parties are familiar with the facts of this case. The Court therefore repeats only those facts that are relevant to the disposition of the instant matter.

On May 4, 2009, Plaintiffs filed this civil rights action pursuant to 42 U.S.C. § 1983 against the County of Maui following the in-custody death of their son, Dennis Wereb.  On January 26, 2010, Plaintiff, by stipulation, filed an amended complaint adding ten individual defendants who were employees of the County of Maui.  On May 14, 2010, Defendant County of Maui filed a motion for summary judgment.  The named individual defendants also filed a motion for summary judgment.  Shortly after the motions were filed, Plaintiff dismissed Defendants Edwin Among and Florendo Tabios.  On July 28, 2010, the Court granted summary judgment on all counts in favor of five of the individual defendants.  However, the court denied summary judgment on Plaintiffs' § 1983 claims against three individuals defendants:  Randall Burgess, Donna Gomes, and Kamuela Mawae ("Individual Defendants").  The court also denied summary judgment against the County of Maui.

The three Individual Defendants filed a Notice of

Appeal on August 18, 2010.  On October 5, 2010, the parties to the appeal filed a Stipulation for Dismissal of Appeal in the Ninth Circuit Court of Appeals.  The Stipulation for Dismissal of Appeal states that "Defendants-Appellants have the right to seek costs of the appeal in the amount of $681.30 in the District Court" and that Plaintiffs "have the right to argue against an award of costs."  Ex. F to Motion.

On November 1, 2010, Plaintiffs submitted in this court a Notice of Dismissal of Remaining Individual Defendants with Prejudice.  However, that submission did not comply with Federal Rules of Civil Procedure Rule 41.  Plaintiffs filed a Notice of Dismissal under Rule 41(a)(1)(A)(i), which is only allowed if the dismissal is filed before the opposing party serves either an answer or a motion for summary judgment.  <u>See</u> Fed. R. Civ. P. 41(a)(1)(a)(i).  The Notice of Dismissal was filed after the opposing party had served a motion for summary judgment and was therefore improper under Rule 41.  Rule 41(a)(1)(A)(ii) permits voluntarily dismissal without a court order by filing a stipulation of dismissal signed by all parties who have appeared. <u>See</u> Fed. R. Civ. P. 41(a)(1)(A)(ii).  On November 1, 2010, the Clerk of this Court notified Plaintiffs of the deficient filing, citing Rule 41(a)(1)(A)(ii), through an Advisory Entry on CM/ECF.  The parties did not submit the appropriate stipulation of dismissal until April 27, 2011.

ANALYSIS

On December 20, 2010 Defendant County of Maui filed the present Motion seeking costs related to the appeal. The Motion for Costs was made on behalf of Defendant County of Maui, not on behalf of the Individual Defendants. Defendant County of Maui is not entitled to seek an award of costs because the County of Maui is not a prevailing party in this litigation. Defendant County of Maui was denied summary judgment and remains a party to this litigation. The Individual Defendants (Randall Burgess, Donna Gomes, and Kamuela Mawae) are the prevailing parties who were voluntarily dismissed from this action. Because all defendants in this action share the same counsel, the Court assumes that this error was an oversight of counsel. The Court will treat the Motion as a request for costs from the Individual Defendants.

The Individual Defendants request $455.00 for the cost of filing the appeal and $226.30 for the cost of the hearing transcript on the motion for summary judgment. In support of the request for costs, Plaintiffs cite Federal Rule of Appellate Procedure Rule 39 and Federal Rule of Civil Procedure Rule 54. Federal Rule of Appellate Procedure Rule 39 provides that "if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise." Fed. R. App. P. 39(a)(1). As noted above, although the appeal was dismissed, the Stipulation for Dismissal of Appeal allowed for the Individual

Defendants to seek costs in this court.  See Ex. F to Motion. Rule 39(e)provides that certain costs on appeal are taxable in the district court.  Fed. R. App. Pro. Rule 39(e).  These costs include "(2) the reporter's transcript, if needed to determine the appeal" and "(4) the fee for filing the notice of appeal." Id.

Federal Rule of Civil Procedure Rule 54 provides that "costs -- other than attorney's fees -- should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Under Rule 54(d), there is a presumption that the prevailing party will be awarded costs.  Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003).  To overcome this presumption, a losing party must establish a reason to deny costs.  Id.  See also Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).  Courts may consider the following factors in denying an award of costs to the prevailing party:  the financial resources of the losing party; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing costs.  Save Our Valley, 335 F.3d at 945.

Plaintiffs concede that the Individual Defendants are technically prevailing parties.  However, Plaintiffs argue that the Court should exercise its discretion in this case and either decline to award costs or reduce the costs requested.  Plaintiffs

5

ask the Court to consider their limited financial resources, the importance of the issues raised in the litigation, the merits of their case, and the reasonableness of some of the costs requested.  In considering the factors detailed below, the Court FINDS and RECOMMENDS that the Motion be DENIED.

**1. Financial Resources of the Plaintiffs**

Plaintiffs have not provided sufficient information to allow the Court to consider their financial means.  Plaintiffs did not provide employment information or other basis for the Court to determine whether awarding the requested costs would be a hardship.  The only information provided was an affidavit of counsel that states that the Plaintiffs "are of extremely limited financial means," that they were not able to pay counsel "a customary retainer" in this case, and that all litigation costs have been advanced by counsel.  Decl. of E. Heipt ¶ 2.  Counsel does not state the basis for his personal knowledge of the Plaintiffs' financial means.  Plaintiffs have not established that the imposition of an award of costs would be a financial hardship.

**2. Importance of the Issues Raise In the Litigation and Merits of the Case**

Plaintiffs assert that costs should not be taxed against them because the issues raised against the Individual Defendants were important and the merits of case against the

Individual Defendants was strong.  Plaintiffs claim that this case raised significant questions regarding the level of monitoring required of detained citizens.  Plaintiffs note that in denying the Individual Defendants' motion for summary judgment, the Court found sufficient evidence of "deliberate indifference" on the part of the Individual Defendants for Plaintiffs' § 1983 claims to proceed against them.  Plaintiffs also assert that the Individual Defendants had a slim chance of winning on appeal because the court's order denying summary judgment was based on disputed factual issues.  Plaintiffs explain that they chose to dismiss the Individual Defendants from the litigation to avoid the delay that an appeal would likely cause.  The Individual Defendants did not address these arguments in their Reply.

The Court finds that the claims against the Individual Defendants raised issues of public importance regarding the level of medical care and monitoring required for detained persons.  In light of the ruling on the motions for summary judgment, the Court also understands that Plaintiffs' decision to dismiss the Individual Defendants was not based on the relative merits of the claims against them, but rather to avoid any delay from the appeal.  Additionally, although these costs are relatively small, the Court finds that an award of costs might have a chilling effect on similarly situated persons who may desire to file civil

rights actions.

### 3. Transcript Costs

Finally, Plaintiffs assert that the costs claimed by Defendants related to the cost of ordering transcripts were unwarranted. Plaintiffs argue that there was no reason for Defendants to order the transcripts before the agreement was reached to dismiss the Individual Defendants. Plaintiffs explain that the deadline for ordering transcripts was September 17, 2010. On August 26, 2010, Plaintiffs' allege that in a status conference with the court, Plaintiffs' informed the court and Defendants that Plaintiffs were considering dismissing the Individual Defendants from the case. The parties and the court discussed the date by which Plaintiff's would have to inform the court of Plaintiffs' decision. Defendants informed the court that the deadline for ordering transcripts was September 17, 2010. Based on this representation, Plaintiffs' assert that the court ordered Plaintiffs to submit a letter on September 16, 2010, regarding how Plaintiffs intended to proceed with the litigation. However, it appears that Defendants ordered the hearing transcript on August 26, 2010, the same day of the status conference with the court. See Ex. E to Motion.

The Individual Defendants do not dispute Plaintiffs' recitation of the representations made to the court regarding the timing of the appeal and the ordering of the transcript. In

8

their Reply, the Individual Defendants only state that the transcript was ordered to make sure it was received in time for the appeal.  The Court finds that the costs for the transcript were not necessary.

For these reasons, the Court FINDS and RECOMMENDS that Defendant's Motion for Costs be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, April 28, 2011

_____
Richard L. Puglisi
United States Magistrate Judge